**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

NANCY MYERS, Individually and as )
Special Administrator of the )
Estate of WILLIAM J MEYERS, )
et al., )
)
                 Plaintiffs, )   **CIVIL ACTION**
)
v. )   No. 10-1003-MLB
)
MARK D. BARBER, D.O., et al., )
)
                 Defendants. )
)

## MEMORANDUM AND ORDER

This case comes before the court on defendants' motion to dismiss. (Doc. 33). The motion has been fully briefed and is ripe for decision. (Docs. 34, 41, 42). Defendants' motion is granted for the reasons herein.

**I.   Facts**

This is a medical malpractice action brought by the administrator of the estate of William Myers. On January 8, 2008, Myers went to the Hutchinson Hospital emergency room complaining of sharp pressure and pain across his upper chest. Myers was seen by Dr. Barber and subsequently released approximately two hours later. When Myers arrived at his home after leaving the hospital he collapsed. EMS arrived at the home and transported Myers back to the hospital. Myers died approximately two hours later.

Plaintiffs brought this action against Dr. Barber and the hospital. In addition to medical negligence and wrongful death claims, plaintiffs have brought a federal claim pursuant to the

Medicare Secondary Payer (MSP) statute, 42 U.S.C. § 1395y(b)(3)(A). Defendants move to dismiss this claim on the basis that it is premature. Defendants also ask this court to deny supplemental jurisdiction of the remaining state claims.

**II.  Motion to Dismiss Standards: FRCP 12(b)(6)**

The standards this court must utilize upon a motion to dismiss are well known. To withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to plaintiff. Archuleta v. Wagner, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon this court's consideration. Shero v. City of Grove, Okla., 510 F.3d 1196, 1200 (10th Cir. 2007). In the end, the issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claims. Beedle v. Wilson, 422 F.3d 1059, 1063 (10th Cir. 2005).

**III. Analysis**

The MSP allows Medicare to submit conditional payments to health care providers "if a primary plan . . . has not made or cannot reasonably be expected to make payment with respect to such item or service promptly." 42 U.S.C. § 1395y(b)(2)(B)(i). The primary insurance provider must reimburse Medicare for any such conditional payment "if it is demonstrated such primary plan has or had a responsibility to make payment with respect to such item or service."

-2-

Id. § 1395y(b)(2)(B)(ii). If Medicare is not timely reimbursed for its conditional payments, the MSP authorizes an action by the government or a private party to enforce the reimbursement provisions of the statute by seeking double damages against a non-compliant insurer. See id. § 1395y(b)(2)(B) (iii), (b)(3)(A).

The MSP's private cause of action is as follows:

> There is established a private cause of action for damages (which shall be in an amount double the amount otherwise provided) in the case of a primary plan which fails to provide for primary payment (or appropriate reimbursement) in accordance with such paragraphs (1) and (2)(A).

42 U.S.C. § 1395y(b)(3)(A).

About a primary plan's duty to reimburse Medicare, the MSP states the following:

> A primary plan, and an entity that receives payment from a primary plan, shall reimburse the appropriate Trust Fund for any payment made by the Secretary under this subchapter with respect to an item or service if it is demonstrated that such primary plan has or had a responsibility to make payment with respect to such item or service. A primary plan's responsibility for such payment may be demonstrated by a judgment, a payment conditioned upon the recipient's compromise, waiver, or release (whether or not there is a determination or admission of liability) of payment for items or services included in a claim against the primary plan or the primary plan's insured, or by other means.

42 U.S.C. § 1395y(2)(B)(ii).

Defendants argue that the statutory language dictates that there must first be a judgment against them before plaintiff has a viable claim under the MSP. Defendants cite Glover v. Liggett Group, Inc., 459 F.3d 1304 (11th Cir. 2006), for support. In Glover, a class action was brought against cigarette manufacturers for failing to reimburse Medicare for health care costs for which they were allegedly

-3-

responsible. The Eleventh Circuit held that the cigarette manufacturers' duty to pay for the services had not been demonstrated and therefore a condition precedent to bringing suit under the MSP had not been met. The court agrees with the analysis in Glover and finds that the clear statutory language does not allow the claim in this case to be viable under the MSP because there has not been a judgment entered against defendants.[1] The courts that have been confronted with this issue have came to the same conclusion. See, e.g., Bio-Medical Applications of Ga., Inc. v. City of Dalton, Ga., 685 F. Supp.2d 1321, 1331 (N.D. Ga. 2009) (finding that "the 'weight of the authority' holds that the MSP Act requires a primary plan to have a demonstrated obligation to pay before a private cause of action may arise") (collecting cases).

In responding to defendants' position, plaintiffs only attempt to distinguish Glover is to argue that Glover was a class action lawsuit. The court does not find that argument persuasive. Plaintiffs then cite to one MSP case that involves a private cause of action to support their position. In O'Connor v. Mayor and City Council of Baltimore, 494 F. Supp.2d 372 (D. Md. 2007), a firefighter brought an MSP action against his employer to repay his medical bills. The significant difference in O'Connor, apparently overlooked by plaintiffs, is that the firefighter had already obtained a judgment against his employer by the Maryland Workers' Compensation Commission. Therefore, in accordance with Glover, the firefighter's claim was ripe

---

[1] Plaintiffs do not suggest that any other means of establishing responsibility from the statute have been met in this case, i.e. "a payment conditioned upon the recipient's compromise, waiver, or release." 42 U.S.C. § 1395y(2)(B)(ii).

and had met the condition precedent in the statute.

As the Eleventh Circuit reasoned in <u>Glover</u>, permitting a MSP claim to be litigated simultaneously with the underlying tort claim in this case would "drastically expand federal court jurisdiction by creating a federal forum to litigate any state tort claim . . . without regard to diversity of citizenship or amount in controversy." 459 F.3d at 1309. This is an outcome that this court does not desire.

Therefore, defendants' motion to dismiss plaintiff's MSP claim is granted.

Having disposed of all federal claims, the court declines to exercise supplemental jurisdiction over plaintiff's state law claims. <u>See</u> <u>Smith v. City of Enid</u>, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims."). Those claims are thus dismissed, without prejudice.

**IV. Conclusion**

Defendants' motion to dismiss is granted. (Doc. 33).

A motion for reconsideration of this order is not encouraged. Any such motion shall not exceed 3 pages and shall strictly comply with the standards enunciated by this court in Comeau v. Rupp, 810 F. Supp. 1172, 1174 (1992). The response to any motion for reconsideration shall not exceed 3 pages. No reply shall be filed.

IT IS SO ORDERED.

Dated this <u>  26th  </u> day of August 2010, at Wichita, Kansas.

s/ Monti Belot<br>
Monti L. Belot<br>
UNITED STATES DISTRICT JUDGE